## HOWELL *v.* MATHIESON *et al.*

A general demurrer was properly sustained against a petition for the ap-pointment of a receiver to take charge of a quantity of whisky which the plaintiff insisted was subject to be sold, so that the proceeds could be applied to an execution in his favor against the alleged owner of the whisky; for no receiver appointed by the court in which the relief was sought could have handled, transported, or sold the whisky, so as to convert it into money for application to the execution.

MAY 18, 1917.

Equitable petition. Before Judge Hill. Fulton superior court. July 19, 1916.

Morgan Howell brought his petition against George Mathieson et al., alleging, that on May 16, 1916, petitioner obtained a judg-ment against Henry Boyd for a stated sum, upon which execu-tion had issued, upon which nulla bona had been duly entered; that Mathieson, chief of police of Fulton County, had in his pos-session a quantity of whisky of the value of $900, which belonged to Henry Boyd; that plaintiff had asked Mathieson and one of his deputies to levy the execution on the whisky, which they declined to do, on the ground that under the prohibitory law of the State they could not sell and dispose of the whisky; that the property is in the hands of the chief of police without due process of law; that he is simply holding it as evidence against Henry Boyd in a criminal case in which Boyd is charged with violating the prohibi-tion law of the State; that the whisky could be taken charge of by a receiver appointed by a court of equity, shipped beyond the limits of the State, and there converted into cash, without violating the prohibition law of the State of Georgia. The prayer is, that a receiver be appointed, and that the chief of police be required to turn over to such receiver the whisky to be held until further order of the court. A general demurrer to the petition was sustained, and the plaintiff excepted

*T. J. Ripley,* for plaintiff. *Moore & Pomeroy,* for defendants.

BECK, J. (After stating the facts.) There was no error in sustaining the general demurrer. The equitable relief sought could not be granted under the facts alleged. No receiver appointed by the court could have handled, transported, or sold the whisky alleged to be the property of Boyd, the defendant in fi. fa. The ruling in the case of *Fears* v. *State,* 102 *Ga.* 274 (29 S. E. 463), is not applicable under the facts of this case, in view of the provisions of the prohibition law of the State as it has existed since the passage, at the extraordinary session of the legislature in 1915, of the acts approved November 17 and 18, 1915, respectively, relative to intoxicating liquors, etc. Full discussion of the principle underlying this ruling, in the case of *Delaney* v. *Plunkett.* 146 *Ga.* 547 (91 S. E. 562), renders an elaboration of the ruling here unnecessary.

*Judgment affirmed.* *All the Justices concur, except Fish, C. J., and Atkinson, J., dissenting.*

---

Chief Justice Fish was prevented by illness from taking part in the judgments rendered on February 24 and 28, and on March 1 and 13, 1917.