### 28695. JACKSON *v.* STATE OF GEORGIA.

DECIDED FEBRUARY 12, 1941. REHEARING DENIED MARCH 27, 1941.

*Carroll D. Colley,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.

GARDNER, J. This is a case originating in Wilkes County, being a proceeding for the condemnation of an automobile on the ground of its illegal use for transporting alcoholic liquors. It is admitted that Wilkes County is a "dry county." It had not voted

into operation the revenue tax act to legalize and control alcoholic beverages. Ga. L. Ex. Sess., 1937-38, p. 103.

The petition alleged, that on November 25, 1939, G. O. Walton, an arresting officer of the county, seized an automobile described as one master Chevrolet sedan, 1939-model, motor number 2302232; that at the time of the seizure the automobile was being operated on a public road known as the Robert Toombs Avenue, in Washington, Georgia, and was being used to convey alcoholic, malt, spirituous, and vinous and intoxicating liquors and beverages, contrary to law, said beverages bearing the proper revenue stamps and in an amount greater than one quart; that the owner was Mrs. Leslie Jackson and the operator, Mr. Leslie Jackson, who knew that the automobile was being used to convey the described beverages contrary to law; that the seizure was reported to the solicitor-general of the Toombs judicial circuit by G. H. Lunceford, the sheriff and arresting officer, on November 25, 1939; and that this proceeding to condemn the property was brought within ten days from the receipt of the notice. The petition prayed that the condemnation be allowed. The defendant demurred on the grounds, that the petition set forth no cause of action; that it set out no facts or reasons why the automobile should be condemned and confiscated under the law, or why it should have been seized and condemned as being used in violating the laws of Georgia; that it failed to allege the kind of alcoholic, malt, spirituous, vinous, and intoxicating liquors and beverages which were being transported, or the quantity of liquors conveyed, or whether the liquors were tax paid, or in what manner the transportation was illegal and contrary to the laws of Georgia, causing the automobile to become subject to condemnation and confiscation. The defendant admitted ownership of the automobile, notice of condemnation, etc., but denied all the other allegations, save to plead that if any alcoholic liquors or beverages were found in the car all tax had been paid, and that the transportation was not illegal.

The court overruled the demurrers. On the trial the evidence was substantially as follows: The chief of police of Washington, Georgia, testified that on November 25 last he saw the defendant and her husband come down Robert Toombs Avenue and park in front of a café operated by the husband. He was operating the car. He alighted from the automobile and entered his café. His

wife remained in the car for three or four minutes. She then got out, walked to the sidewalk, and looked into show-windows. The witness went to the car from the sidewalk. From the sidewalk he discovered a sack resting on the front seat, fully exposed to view. In the paper sack were seven half-pint bottles and one pint bottle of liquor, which the officer seized. The car stayed in sight of the officer from the time it was first seen by him until the liquor was seized. The deputy sheriff testified, that he was familiar with the car in question; that he saw and possessed it on the day stated; and that last year his office took possession of the same car, at which time it contained four or five cases of liquor. Other evidence showed that the defendant claimed the car when it was seized, containing the four or five cases; and that it was released to her on the ground that, as she contended, she had no knowledge of it being illegally used for the transportation of liquor.

Evidence coming from the defendant and her husband was in substance as follows: The wife had no knowledge of the liquor being in the car on the day in question. The husband claimed that he purchased the liquor the day before, in Augusta, at the request of friends, and left it in the car overnight.

The jury returned a verdict in favor of the State. Judgment was entered, ordering the automobile condemned. The defendant filed her motion for new trial on the general grounds, and on two grounds contending that the judge erred in his charge to the jury. Error is assigned on the following excerpt from the charge: "The State contends that at the time of the seizure of this automobile there was contained therein liquor to the amount of more than one quart, though it was duly-stamped liquor. It contends that this liquor was being transported with the knowledge and consent of Mrs. Jackson; and I charge you, if you believe under the evidence, facts and circumstances of this case, after applying the rules of law as given you thereto in charge, that more than one quart of liquor was found in this particular automobile, even though it might be duly stamped, and further believe that this whisky was being transported to this county with the knowledge and consent of Mrs. Jackson, why in that event I charge you would be authorized to return a verdict in favor of the State for the condemnation of the automobile, and in that event the form of your verdict would be: 'We, the jury, find in favor of the State, and that the automobile be condemned.'"

The contentions of the plaintiff in error are: (1) As shown by her demurrers, the allegations of the petition are too general, and show on the face of the petition such insufficiency in law as not to justify the action. (2) The evidence, when applied to the allegations of the petition and the law, is insufficient to sustain the verdict. (3) If the allegations of the petition were sufficient and were sustained by the evidence, the judge nevertheless erred in his charge. We will treat the first two grounds together. It is conceded, by inference if indeed not expressly, that the allegations and the evidence in support thereof, were sufficient to effectuate confiscation of the vehicle in question before the passage of the act to legalize and control alcoholic beverages and liquors. Code, § 58-1001 et seq.; Ga. L. Ex. Sess., 1937-38, pp. 103, 104. Among other things, this act declares specifically (Code, § 58-1077), as follows: "Any person found in possession or control of more than one quart of spirituous, vinous, or alcoholic liquor, in any county of this State (except such counties in which liquor may be legally sold or transported under the terms of this chapter), shall be guilty of a misdemeanor, and, upon conviction, punishable as in cases of misdemeanors. The fact that such person may have a license or liquor stamps shall be no defense in such prosecutions, where said liquor is carried into a county to which the terms of this chapter do not apply, and wherein liquor is not legalized under the terms of this chapter." Further it is provided. (Code, § 58-1078): "It is the purpose and intent of section 58-1077 to maintain the present prohibition law against liquor and alcoholic beverages in those counties of this State not specially exempted from the provisions of the prohibition law under this chapter; . . and it is for the purpose and intent of said section to provide that the prohibition law is not repealed in Georgia, except in the counties which have by a majority vote voted this chapter into operation." The only difference here necessary to mention between the act above mentioned and the previous law is that the act of 1938 made legal the possession of one quart per person of properly stamped alcoholic liquor in any county of this State, even though the county in which it was possessed had not by a vote made operative the provisions of the act of 1938. The possession of alcoholic liquor or whisky above this quantity is illegal in such counties, whether taxed or untaxed, stamped or unstamped, save as excep-

tions, are otherwise made by the statute. See Code, § 58-1063, allowing manufacturers, retail distributors, or wholesale distributors the right to possess and transport "through such counties or municipalities where the destination of such liquors is beyond the limits of such county." Where more than one quart of taxed, stamped liquor is being transported in such "dry" county, the vehicle is subject to seizure and confiscation as provided by the Code, § 58-207.

The other contentions contained in the attack on the allegations of the petition, the evidence in support thereof, and the law applicable thereto, are merely defensive matters, and are without merit, and have been so held in *Barfield* v. *State, 59 Ga. App.* 383 (1 S. E. 2d, 47), which we quote as follows: "(1) Where a person is charged, in a county of this State which has not authorized the sale of alcoholic liquors, with the offense of possessing whisky, the fact that the alcoholic liquor possessed has been bought and is being possessed in compliance with the law, both as to stamps and the amount possessed, is a matter of defense. . . Under the act of 1937-1938, pp. 122, 123, one quart of alcoholic liquor may be lawfully possessed in a county which has not legalized the sale and possession of such liquor, provided such liquor so possessed or controlled has been purchased by such person from a lawful and authorized retailer and is properly stamped. The fact that such whisky so possessed comes within the proviso is defensive, and the burden is upon the possessor to establish the same. The possession of an amount in excess of one quart, or any amount which is not stamped as provided in the act, is a violation of the law. . . The law as to the possession of whisky in counties of this State which have not legalized the sale thereof is still a general law as to those counties. It is not necessary to allege or prove that the defendant does not belong to the class of persons excepted from the provisions of the act. This is purely defensive." It will be seen that this decision sustains the observations in this opinion as to the other contentions of the plaintiff in error. Taking the charge as a whole, there is no merit in the special grounds. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

## ON MOTION FOR REHEARING.

GARDNER, J. It is earnestly urged by the plaintiff in error ·that

in dry counties motor vehicles can not be condemned for transporting more than one quart of whisky from one point to another point within such dry county, provided such excess quantity, and the quart which it is legal to possess and transport under Ga. L. Ex. Sess., 1937-38, pp. 103, 122 (Code, § 58-1073), bears the revenue stamps. It is contended that the act (Ga. L. Ex. Sess., 1937-38, pp. 103, 108, Code, §§ 58-1020, 58-1021) repealed the provisions of the former prohibition law with reference to condemnation of motor vehicles transporting within a dry county whisky which it is illegal to possess, in excess of one quart. The argument in its final analysis is that under the recent act it is unlawful to possess such excess, but not unlawful to transport it, provided the revenue stamps are affixed, and that a motor vehicle can be condemned since the passage of the revenue tax act to legalize and control alcoholic beverages and liquors (Code, §§ 58-1001 et seq.) only when the liquor is unstamped. A careful reading of both statutes, 1917 and 1937-38, convinces us that the legislature intended no such thing, and by its wording clearly legislated to the contrary. The provisions of the Code, §§ 58-1020, 58-1021, apply only to those counties which have by a vote of the people put into effect the provisions of the revenue tax act to legalize and control alcoholic beverages and liquors (Code, §§ 58-1001 et seq.), and leave operative in dry counties the older law (§ 58-207), regarding condemnation, which in part declares: "All vehicles and conveyances of every kind and description which are used on any of the public roads or private ways . . of this State in conveying any liquors or beverages, the sale or possession of which is prohibited by law, shall be seized by any sheriff or other arresting officer," and thereafter condemned as by this section further provided. We can understand how the above provisions had to be modified and narrowed to include only untaxed liquor in wet counties, and we as well can understand why the legislature desired and intended to retain the provisions of the old law in dry counties. To our mind the revenue tax act to legalize and control alcoholic beverages and liquors (§§ 58-1001 et seq.) does not leave the question open for speculation or argument; for it provides (§ 58-1009) that "If at such election a majority of the votes cast shall be against the taxing and legalizing and controlling of alcoholic beverages and liquors, the manufacture, distribution, and sale of same in such county shall be prohibited

as is now provided by law;" and under § 58-1077, "Any person found in possession or control of more than one quart of spirituous, vinous, or alcoholic liquor, in any county of this State (except such counties in which liquor may be legally sold or transported under the terms of this chapter) shall be guilty of a misdemeanor and, upon conviction, punishable as in cases of misdemeanors. The fact that such person may have a license or liquor stamps shall be no defense in such prosecutions, where said liquor is carried into a county to which the terms of this chapter do not apply, and wherein liquor is not legalized under the terms of this chapter;" and under § 58-1078, "It is the purpose and intent of section 58-1077 to maintain the present prohibition law against liquor and alcoholic beverages in those counties of this State not specially exempted from the provisions of the prohibition law under this chapter; and to provide for the trial and conviction of persons guilty of selling or possessing such liquor in such counties, as is now provided by law, unless exception is made herein, prior to the passage of this chapter; and it is for the purpose and intent of said section to provide that the prohibition law is not repealed in Georgia, except in the counties which have by a majority vote voted this chapter into operation."

Upon a careful review of the record and the authorities applicable, we hold that there was no error committed.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*