30541. WILLIAMS *v.* SNELLING *et al.*

DECIDED JULY 12, 1944. REHEARING DENIED JULY 28, 1944.

*Wesley R. Asinof,* for plaintiff.

*Rubye G. Jackson, Fred B. Davis,* for defendants.

GARDNER, J. The plaintiff brought a trover action in the civil court of Fulton County against M. L. Snelling, J. E. Bishop, and J. Eugene Cook. The petition alleged: "That said defendants are without title or right of possession of nine (9) cases of tax-paid assorted whiskies and liquors upon which the revenue stamps have been duly affixed thereto as required by Georgia law, the same whisky and liquor having been seized from the possession of plaintiff on or about November 24th, 1943, in DeKalb County, Georgia, by the defendants M. L. Snelling and J. E. Bishop, to which petitioner claims title or right of possession." It was further alleged that the value of the liquors was about $540, and that possession had been demanded by the plaintiff and refused by the defendants. A judgment was asked for the liquors or the value thereof. The defendants filed a general demurrer to the petition, alleging that it set forth no grounds for the legal recovery sought. At the hearing on the demurrer it was agreed between the parties that DeKalb County was and is a legally dry county. The judge sustained the demurrer and dismissed the petition, and the plaintiff assigns error thereon.

The case is treated by counsel for both sides as being a trover action for the recovery of the liquor, against J. Eugene Cook, State Revenue Commissioner of Georgia, and officers and agents of the Department of Revenue. Construing the petition most strongly against the pleader, such construction appears to be the right one, and that the liquors were seized by said State authorities in the discharge of their duties under the revenue tax act of 1938 (Ga. L. Ex. Sess., 1937-1938, p. 103, Ga. Code Ann., §§ 58-1001 et seq.) pertaining to intoxicating liquors. The provisions of the revenue tax act of 1938 had not, by a vote under the provisions of the act, been made legally operative in DeKalb County. The law applicable to DeKalb County under the provisions of the act, is set forth in section 27 (Ga. Code Ann., § 58-1077). Except as provided by the provisions of the section just-above cited, liquors possessed in DeKalb County have no property value, even though stamped as alleged, and are subject to seizure by the authorities of the State Department of Revenue. In the case of *Delaney* v. *Plunkett,* 146 *Ga.* 547, 564 (91 S. E. 561, L. R. A. 1917D, 926, Ann. Cas., 1917E, 685), the Supreme Court said: "Without reference to the dictum in the statute last referred to, that 'no property rights of any kind shall exist in said prohibited liquors,' when the terms of the act which inhibit the selling and keeping of liquors are given their full force and effect, then the liquors no longer had any of the qualities of property; a thing that can not be kept for use and can not be sold has none of the qualities of property." See also *Howell* v. *Mathieson,* 146 *Ga.* 838 (92 S. E. 520). Section 27 of said act (Ga. Code Ann., § 58-1078) also provides: "It is the purpose and intent of section 58-1077 to maintain the present prohibition law against liquor and alcoholic beverages in those counties of this State not specially exempted from the provisions of the prohibition law under this chapter; . . and it is for the purpose and intent of said section to provide that the prohibition law is not repealed in Georgia, except in the counties which have by a majority vote voted this chapter into operation." This court in the case of *Jackson* v. *State,* 64 *Ga. App.* 648, 651 (13 S. E. 2d, 898), in dealing with the question whether or not a motor vehicle which was being used in a legally dry county for the purpose of transporting intoxicating liquors, could be confiscated, since the passage of the revenue tax act of 1938, held: "The only

difference here necessary to mention between the act above mentioned [act of 1938] and the previous law is that the act of 1938 made legal the possession of one quart per person of properly stamped alcoholic liquor in any county of this State, even though the county in which it was possessed had not by a vote made operative the provisions of the act of 1938. The possession of alcoholic liquor or whisky above this quantity is illegal in such counties, whether taxed or untaxed, stamped or unstamped, save as exceptions are otherwise made by the statute. See [Ga. Code Ann., § 58-1063], allowing manufacturers, retail distributors, or wholesale distributors the right to possess and transport 'through such counties or municipalities where the destination of such liquors is beyond the limits of such county.' Where more than one quart of taxed, stamped liquor is being transported in such 'dry' county, the vehicle is subject to seizure and confiscation as provided by the Code, § 58-207." While in the *Jackson* case the question was the confiscation of the motor vehicle for illegally transporting liquor, the principle in that case is the same as in the instant case. In a county which has not by a vote put into operation the provisions of the revenue tax act of 1938, such county is governed by the provisions of the "prohibition law" existing prior to the passage of the revenue tax act of 1938, except as the prior act was specifically modified. It follows that the liquors alleged to have been seized from the plaintiff by the defendants in DeKalb County were contraband and had no property value. This is true notwithstanding they were transported from DeKalb County to Fulton County, the latter a "wet" county. The property right in them had been extinguished by the illegal possession in DeKalb County, and could not be revived or restored by being transported from DeKalb to Fulton County by the Department of Revenue. To hold otherwise would be to destroy the effectiveness of the law as intended and designed by the legislature for the protection of those counties which have not seen fit to adopt the provisions of the revenue tax act of 1938.

The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*