33092. STRICKLAND MOTORS INC. *v.* THE STATE OF GEORGIA.

Decided June 21, 1950.

826

*Ed Wohlwender Jr., John H. Land, J. Walter Owens Jr.,* for plaintiff in error.

*Edwin A. Carlisle, Bell & Baker, R. A. Bell,* contra.

GARDNER, J. (After stating the foregoing facts.) 1. Was the evidence sufficient to authorize the jury to render a verdict in favor of the State and against the claim of lien of the intervenor as to this automobile? It is conceded that Grady County is a "dry" county. It appears without dispute that the automobile was seized by the Sheriff of Grady County while in the possession of one Guy Kenimer and was, at the time, on a public highway of this State in said county and was being used to transport, in a dry county, more than one quart of tax-paid liquor. The automobile was not sold by the intervenor to the person driving it when it was seized carrying 25 cases of liquor in pints. There is no dispute but that the car had been sold May 6, 1949, by the intervenor to J. C. Harrelson. Harrelson testified that he had not parted with title to the car. It was seized May 21, 1949. The car was sold in Muscogee County and seized in Grady County.

Where more than one quart of taxed, stamped liquor is being transported in a "dry" county, the vehicle is subject to seizure and confiscation as provided by Code § 58-207. See Ga. Laws 1937-38, Ex. Sess., pp. 103, 110, and *Jackson v. State of Georgia,* 64 *Ga. App.* 648 (13 S. E. 2d, 898). When an automobile is thus seized and proceedings are brought by the solicitor for the State to sell the same under the foregoing law, the owner "shall be permitted to defend by showing that the property seized, if used illegally by another, this was done without the knowledge, connivance or consent, express or implied, of such owner. . . The holder of any bona fide lien on the property so seized, shall be protected to the full extent of his lien, provided such holder shows that the illegal use of the property was without his knowledge, connivance or consent, express or implied." Ga. Laws 1946, pp. 96, 101 (g). It would seem that the provisions of this act cast upon the bona fide lienholder the burden to show, in

order that his lien in said property shall be fully protected, "that the illegal use of the property was without the knowledge, connivance, or consent, express or implied." There was no proof that the car was stolen and that the person using same was operating it as a thief. The intervenor had parted with possession to Harrelson. It does not appear affirmatively that this car was being used at the time without implied knowledge, connivance or consent of Harrelson. The jury were at least authorized to find that Harrelson had dealings with Kenimer who was found using the car illegally. In fact, there had been an apparent trade just prior to this time by which Harrelson had let Kenimer have a car, a 1946 Mercury. Harrelson denied knowing Kenimer in his testimony. The salesman who sold the car to Harrelson was not produced. The intervenor failed to show, as a matter of law and fact, that the illegal use to which this car was being put was entirely without its "knowledge, connivance or consent, express or implied." To state it differently, the evidence does not demand a finding in favor of the intervenor. While the purchaser, Harrelson, testified that the car was not being used with his consent to transport the liquor, his testimony as a whole was not satisfactory and was contradictory, and the jury was at liberty to disregard it or to believe only a part and reject what they saw fit. See Code § 38-1806; *Haas & Howell* v. *Godby,* 33 *Ga. App.* 218(3), 227 (125 S. E. 897) ; *Sappington* v. *Bell,* 115 *Ga.* 856 (42 S. E. 233).

Harrelson testified that he purchased this car to transport candy machines. The evidence showed that the rear portion of the car was altered so as to have a compartment under the back seat in which to carry objects, which Harrelson said were to be candy machines. None were ever carried there. However, when the automobile was seized by the sheriff in Grady County just a few days after being purchased, there were 25 cases of whisky neatly packed into this built-in compartment.

It is the opinion of this court that the provisions of the act of 1946, supra, were not complied with by the intervenor to the satisfaction of the jury, and that the evidence for the State of Georgia authorized the verdict finding that the automobile was subject to confiscation and sale under these proceedings.

2. It was not error for the court to admit in evidence, over

objection of the intervenor, a purported bill of sale to a 1946 Mercury car, dated April 29, 1949, with no motor number therein, signed by J. C. Harrelson, who purchased the car condemned from intervenor, in favor of Guy Kenimer, the person in whose possession the car was seized while transporting more than one quart of whisky in a "dry" county, prior to the date of the conditional bill of sale held by the intervenor. Harrelson had testified that he did not know Guy Kenimer at the time the latter was apprehended in possession of the 1946 Mercury claimed by the intervenor, which was on May 21, 1949. The evidence admitted was not entirely irrelevant and immaterial. It tended to impeach and contradict Harrelson.

3. In view of the note of the trial judge appended to ground 2 of the amended motion, there is no merit in the contention that the trial judge erred in ruling that the intervenor was not entitled to the opening and concluding argument. It appeared from this statement that the intervenor did not admit that the car when seized was being illegally used by the driver to transport whisky, and that the court thereupon ruled that the burden was on the State of Georgia to show such illegal use and that it would have the right to open and conclude.

4. The court did not err in charging the jury that "Gentlemen of the jury, the proceeding which is before you for trial, is what is known as a condemnation proceeding. The State of Georgia by and through . . Solicitor of the City Court of Cairo is seeking to condemn a certain automobile described in said petition. The reason he seeks to condemn this automobile, as he alleges in said petition, is because it was being used in the illegal transportation of intoxicating and alcoholic liquors in Grady County." This did amount to an expression of opinion as to the facts. The court was stating the contentions of the State in the petition brought to condemn the automobile, in which the State alleged that the automobile was being used to illegally transport such liquor when seized by the sheriff.

5. The charge complained of in the 4th special ground is as follows: "If you should find against the contentions of the intervenor . . then the form of your verdict would be: We, the jury, find against the lienholder. The effect of that verdict would be that the property would be sold and the proceeds of

said sale would be applied as the law directs in cases of this kind. The proceeds arising from said sale shall be applied as follows: First, to the payment of expense in said case, including the expenses incurred in any seizure; one-third of the remainder to the officer making the seizure and furnishing the proof, which in this instance would be C. H. Strickland, the Sheriff of Grady County, Georgia; one-third to the payment of the cost of court, which shall be the same as allowed by law in cases of forefeiture; and the remainder, if any, shall be paid into the county treasurer to be held as a separate fund to be paid out on the order of the court as insolvent costs in other cases arising from the violation of any of the provisions of this law." This charge was not error for any of the reasons assigned. This charge was not, as contended by the intervenor, prejudicial to the rights of the intervenor because it gave to the jury matter and information that would tend to cause the jury to have an inclination in favor of the State and against the intervenor in that it put in issue before the jury matter that injected other parties interested in said case, namely, the Sheriff of Grady County and other officers who had an interest therein for fees, and the disbursement of the funds derived from the sale not being involved in the issue before the jury in any manner. This charge merely embraced a statement of the law on this question, and did not tend to confuse the issue before the jury and was not so intended nor was it so framed.

6. The evidence authorized the verdict and no error of law appearing in any of the special grounds to the motion for a new trial, the judge properly overruled and denied same.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*