18547. REDWINE, State Revenue Commissioner, *v.* BERRY, Sheriff.

DUCKWORTH, Chief Justice. 1. It is the purpose and intent of the act to regulate and control alcoholic liquors in this State to maintain the prohibition law in those counties of the State not specially exempted from the provisions thereof, and the prohibition law is not repealed except in those counties which have by majority vote voted for the taxing, legalizing, and controlling of alcoholic beverages and liquors. Ga. L. Ex. Sess. 1937-38, p. 103; Code (Ann. Supp.) § 58-1078.

2. No property rights exist in prohibited liquors, and they are declared by law (Code § 58-122) to be contraband, to be forfeited to the State when seized, and may be ordered condemned and destroyed by the court acquiring jurisdiction thereof. See Ga. L. Ex. Sess. 1915, p. 88.

3. However, the act to regulate and control liquors legalized and imposed a tax on certain liquors previously declared by Code § 58-122 to be prohibited liquors, and by this act named the State Revenue Commissioner of Georgia as the administrator thereof, and by Code (Ann. Supp.) § 58-1065 required all such legal liquors, seized as contraband, "in any county in the State," to be immediately delivered to him, or persons named by him to receive such contraband and by them "either destroyed or sold at public sale, under such rules and regulations as the Commissioner shall . . . adopt." Ga. L. Ex. Sess. 1937-38, p. 103.

4. The contraband liquor here is legal liquor within the meaning of the alcoholic-liquor-control act, and not merely prohibited liquor within the meaning of Code § 58-122, and the court erred in refusing to make the mandamus absolute, as the Sheriff of Newton County should have delivered it over to the State Revenue Commissioner as required by Code (Ann. Supp.) § 58-1065.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 12, 1954—DECIDED MAY 10, 1954.

*Eugene Cook, Attorney-General, George E. Sims, Jr., John W. Wilcox, Jr., Assistant Attorney-General,* for plaintiff in error.

*John L. Jernigan,* contra.