24765. AKINS v. THE STATE.

SUBMITTED SEPTEMBER 9, 1968—DECIDED OCTOBER 10, 1968.

*B. Clarence Mayfield*, for appellant.

*Andrew J. Ryan, Jr.*, Solicitor, *Tom A. Edenfield*, for appellee.

ALMAND, Presiding Justice. Freddie Akins was charged in the

City Court of Savannah with two separate accusations of possession of nontax-paid liquor and with two separate accusations of selling liquor without a license from the State of Georgia. The defendant filed general demurrers to the accusations attacking the constitutionality of the statute under which he was arrested and charged (*Code Ann.* § 58-1065; Ga. L. 1937-38, Ex. Sess., pp. 103, 119). These general demurrers were overruled, and the defendant was tried and convicted of the offenses as charged. The defendant appeals from his conviction enumerating as error only the overruling of his general demurrers to the accusations.

*Code Ann.* § 58-1065 (Ga. L. 1937-38, Ex. Sess., pp. 103, 119) provides: "It shall be unlawful for any person, firm, or corporation to sell, possess, conceal, store, or convey any vinous, malt, or spirituous liquors or beverages whereon any tax or license fee is imposed by this Chapter, and upon which such tax or license fee has not been paid; and any peace officer or agent of the State Revenue Commissioner shall have the authority and it shall be his duty to declare contraband any distilled spirits or alcohol which does not bear the revenue stamps of the State, or that is found without such stamp whether for sale or otherwise, in any county, in the State where the sale of such distilled spirits and alcohol is not authorized under the terms of this Chapter or its amendments; all contraband liquors, distilled spirits or alcohol, seized as contraband, shall be immediately delivered to the State Revenue Commissioner, or persons designated by the Commissioner to receive the same, and by them either destroyed or sold at public sale, under such rules and regulations as the Commissioner shall hereafter adopt, and the proceeds of such sale retained by the Commissioner and paid over to the lawful authority to receive revenue from the sale of liquor; but nothing in this Chapter shall prohibit the other law enforcement agents and officers of this State from seizing and prosecuting persons illegally possessing or selling distilled spirits and alcohol in counties in the State where the sale of same has not been authorized by this Chapter or its amendments. The authority to seize as contraband distilled spirits and alcohol as set out herein shall extend to counties where the sale

and possession of the same is made legal by this Chapter or any of its amendments where such liquors, distilled spirits, or alcohol are sold contrary to the provisions hereof or found in possession of any person, firm, or corporation, and not bearing the prescribed stamps showing taxes paid thereon in this State."

Defendant contends that the above quoted statute is unconstitutional in that: (1) it violates the Fourteenth Amendment to the Federal Constitution because it is vague and uncertain, and (2) it violates the Eighth and Fourteenth Amendments to the Federal Constitution because the statute makes it unlawful to possess or sell liquor without obtaining a license and without paying any tax imposed upon said liquor, and the defendant cannot purchase a license or pay the tax because the State refuses to sell said license or revenue stamps.

We cannot agree with these contentions. The language of the statute in question is adequately clear and definite to inform with reasonable precision a person of common intelligence what acts it intends to prohibit. Certainly, there can be no clearer statement of the prohibited conduct than appears in the first phrase of the statute which unambiguously provides: "It shall be unlawful for any *person*, firm, or corporation *to sell, possess,* conceal, store, or convey any vinous, malt, or spirituous liquors or beverages whereon any tax or license fee is imposed by this Chapter, and upon which such tax or license fee has not been paid." The statute is clear in meaning and as to the requirements it imposes. *Code Ann.* § 58-1065 (Ga. L. 1937-38, Ex. Sess., pp. 103, 119) is not violative of the due process clause of the Fourteenth Amendment to the Federal Constitution for vagueness.

The defendant's second contention that he has a right to purchase revenue stamps and obtain a license to enable him to possess and sell liquor is without substance. The sale of liquor in the State of Georgia has expressly been declared to be a privilege and not a right. *Code Ann.* § 58-1068 (Ga. L. 1937-38, Ex. Sess., pp. 103, 121). The State of Georgia has the right to regulate and prohibit the traffic and sale of intoxicating liquors, and this general power to regulate or prohibit is a valid exercise of the police power of the State. Hornsby

v. Allen, 326 F2d 605 (5th Cir.); Crews v. Undercofler, 249 FSupp. 13 (N. D. Ga.). See 48 CJS 164, Intoxicating Liquors, § 33. *Code Ann. Ch.* 58-10 (Ga. L. 1937-38, Ex. Sess., p. 103) does not give a citizen of Georgia the right to engage in the possession and sale of spirituous alcoholic beverages, but provides only a method of securing a license and paying taxes on such beverages. In order to obtain this privilege of possessing or selling such beverages, a person must comply strictly with the licensing and control provisions of the law. *Raines v. State,* 96 Ga. App. 727, 729 (101 SE2d 589). See *Bernstein v. Peters,* 68 Ga. App. 218 (1a) (22 SE2d 614). The authority to regulate the traffic in liquor in our State is solely within the police power of the State, and the privilege of possessing and selling liquor in Georgia can be obtained only by strict compliance with the State's laws regulating the traffic and sale of liquors. The defendant's position that he has a right to possess and sell liquor and that to refuse him this right violates his constitutional guarantees is wholly untenable. The application of the statute in question does not deny the defendant any of his rights guaranteed by the United States Constitution.

*Judgment affirmed. All the Justices concur.*