28976. BLACKMON et al. v. BROTHERHOOD PROTECTIVE ORDER OF ELKS, TOCCOA LODGE NO. 1820 et al.

Undercofler, Justice.
This action was brought in the Superior Court of Stephens County by the Elks Lodge No. 1820 and the VFW Post No. 4346 to recover tax paid liquor seized by State Revenue Officers and the Sheriff of Stephens

County. The liquor was seized from the premises of the Elks Lodge and the VFW Post located in Stephens County. It is presently in the possession of the Sheriff of Stephens County. Stephens County is a "dry" county. It is alleged that the liquor was illegally seized because the officers had no search warrant; that no probable cause for the search existed; that the officers gained admittance to the premises on the pretense that they desired to inspect beer and wine licenses; that upon being voluntarily admitted for these purposes the officers conducted a general search which resulted in the seizure of the liquor; that the members of the Lodge and Post are the equitable owners of the seized liquor and since each may legally possess one quart of tax-paid liquor there was no violation here; and that Code § 58-122 and Code Ann. § 58-1065 (as amended by Ga. L. 1972, pp. 207, 211), which declare certain liquor to be contraband are unconstitutional because they violate due process.

The trial court granted a temporary injunction and held, (1) If proved as alleged the searches and seizures were illegal, (2) The quantity of liquor seized was less than one quart per member and therefore legally possessed under Code Ann. § 58-1073 which permits a person to possess one quart of tax paid liquor in a "dry" county, (3) That tax-paid liquor is not contraband per se and can only be determined to be such at an evidentiary hearing, and (4) That Code § 58-122 and Code Ann. § 58-1065 are unconstitutional for lack of due process. *Held:*

1. The critical issue in this case is whether the tax-paid liquor seized here in a "dry" county is derivative contraband or contraband per se. Derivative contraband is property whose possession is legal but which has been forfeited because used in an illegal manner. A classic example is a vehicle which has been used to transport contraband liquor. Possession of the vehicle is legal and it must be proved that the vehicle has been used illegally and has in fact become contraband. Evidence to prove this fact must be obtained legally. Evidence obtained by unlawful search and seizure may be suppressed. In such case, in the absence of other evidence, the proof fails and the vehicle is returned to the owner because its

possession has not been shown to be illegal. Contraband per se is property whose possession is illegal. The Georgia General Assembly has declared, "It shall be unlawful for any person, firm, association of persons, or corporation to . . . keep on hand at a place of business or at or in any social, fraternal or locker club . . . any of the prohibited liquors . . . in any quantity." Code § 58-102. This statute is applicable in Stephens County. Under its provisions the liquor seized here was being illegally possessed by the Elks Lodge and the VFW Post. "No property rights of any kind shall exist in said prohibited liquors . . . and [they] are hereby declared to be contraband and are to be forfeited to the State when seized . . ." Code § 58-122. Under the express terms of this statute the liquor seized was contraband per se and the Elks Lodge and the VFW Post have no property rights therein. Accordingly they have no claim to the liquor. As stated in Trupiano v. United States, 334 U. S. 699, 710 (68 SC 1299, 92 LE 1663), "it was error to refuse petitioners' motion to exclude and suppress the property which was improperly seized. But since this property was contraband, they have no right to have it returned to them." See also United States v. Jeffers, 342 U. S. 48, 54 (72 SC 93, 96 LE 59) stating, "Since the evidence illegally seized was contraband the respondent was not entitled to have it returned to him." "Both Trupiano and Jeffers concerned objects the possession of which, without more, constitutes a crime. The repossession of such per se contraband by Jeffers and Trupiano would have subjected them to criminal penalties. The return of the contraband would clearly have frustrated the express public policy against the possession of such objects." One 1958 Plymouth Sedan v. Pennsylvania, 380 U. S. 693, 699 (85 SC 1246, 14 LE2d 170). The fact that the liquor has been taxed does not alter this conclusion. United States v. Yuginovich, 256 U. S. 450 (41 SC 551, 65 LE 1043); *Williams v. Snelling,* 71 Ga. App. 525 (31 SE2d 105); *Jackson v. State,* 64 Ga. App. 648 (13 SE2d 898); Code Ann. § 58-1077 (as amended by Ga. L. 1972, pp. 207, 212).

2. Code Ann. § 58-1073 permits a person to possess one quart of liquor in a "dry" county ". . . which may have been purchased . . . for use and consumption from a lawful

. . . retailer and properly stamped . . ." This statute has no application in the instant case. Whether the members of the Elks Lodge and the VFW Post equitably owned the liquor seized here does not alter the express prohibition of Code § 58-102 which states, "It shall be unlawful for any . . . association of persons . . . to . . . keep on hand . . . at or in any social, fraternal or locker club . . . any of the prohibited liquors . . ." The actual possession of the liquor by the Elks Club and the VFW Post is prohibited. See *Cohen v. State,* 7 Ga. App. 5 (65 SE 1096). Their prayers that the liquor be returned to them must be denied.

3. Code § 58-122 and Code Ann. § 58-1065 are not unconstitutional for lack of due process in failing to provide for notice and hearing prior to seizure or prior to disposition of the liquor declared therein to be contraband and forfeited to the state. Preseizure notice and hearing is not required when the seizure serves a significant governmental purpose in asserting in rem jurisdiction over property to prevent its continued illicit possession and to enforce criminal sanctions. As stated in Calero-Toledo v. Pearson Yacht Leasing Co., decided May 15, 1974 (—U. S.—, 94 SC 2080, 40 LE2d 452), ". . . preseizure notice and hearing might frustrate the interests served by the statutes, since the property seized . . . will often be of a sort that could be removed to another jurisdiction, destroyed or concealed, if advance warning of confiscation were given . . . In these circumstances we hold that this case presents an 'extraordinary' situation in which postponement of notice and hearing until after seizure did not deny due process." As to post seizure notice and hearing it has been stated, "If he desired to try the validity of the seizure, or the existence of the exception by which his possession could be made to appear legal, he could resort to suit to obtain possession and to enjoin the destruction under the Georgia law, as he has done in this case. This under the circumstances, it seems to us, constitutes sufficient process of law under the Federal Constitution as respects one in his situation." Samuels v. McCurdy, 267 U. S. 188, 200 (45 SC 264, 69 LE 568, 37 LRA 1378). See *Delaney v. Plunkett,* 146 Ga. 547 (91 SE 561, LRA 1917D 926, AC 1917E 685); *Akins*

*v. State,* 224 Ga. 650 (164 SE2d 125). The trial court erred in holding Code § 58-122 and Code Ann. § 58-1065 unconstitutional.

4. Under the decision in *Redwine v. Berry,* 210 Ga. 567 (81 SE2d 837) the appellee's contention that the revenue commissioner is not authorized to dispose of the seized liquor is without merit.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 8, 1974 — DECIDED SEPTEMBER 4, 1974.

*Arthur K. Bolton, Attorney General, Gary B. Andrews, Assistant Attorney General,* for appellants.

*Alton M. Adams,* for appellees.