REV O, INC., Plaintiff-Appellant v. MARILYN WOO, Defendant-Appellee

No. COA11-1051

(Filed 17 April 2012)

**1. Unjust Enrichment—unfair trade practices—LLC Act— allegations unsupported—recovery unsupported**

The trial court did not erroneously grant summary judgment in favor of defendant on plaintiff's unjust enrichment and unfair or deceptive trade practice claims as plaintiff failed to established that defendant's alleged violations of the Chapter 57C of the North Carolina General Statutes (LLC Act) occurred or that any violations of the LLC Act would support a damage recovery in favor of plaintiff.

**2. Unjust Enrichment—no genuine issue of material fact— summary judgment proper**

The trial court did not err in granting summary judgment in favor of defendant on plaintiff's unjust enrichment claim as there was no genuine issue of material fact remaining as to whether defendant was unjustly enriched to the detriment of plaintiff by her acts as manager of Downtown Properties.

**3. Unfair Trade Practices—argument unsupported—summary judgment proper**

The trial court did not err in granting summary judgment in favor of defendant on plaintiff's unfair or deceptive trade practice claim as plaintiff failed to offer any support for her argument that defendant's conduct as manager of Downtown Properties constituted unfair or deceptive trade practices.

**4. Unjust Enrichment—unfair trade practices—public policy violations—not supported**

Plaintiff's argument in an unjust enrichment and unfair or deceptive trade practice case that defendant's approval of the sale of Downtown Properties' assets was against public policy lacked merit. Plaintiff failed to cite any authority or advance any argument explaining why the alleged public policy implications of defendant's actions as manager of Downtown Properties would support reversal of the trial court's order.

**REV O, INC. v. WOO**

[220 N.C. App. 76 (2012)]

Appeal by plaintiff from judgment entered 18 May 2011 by Judge Carl R. Fox in Wake County Superior Court. Heard in the Court of Appeals 25 January 2012.

*The Edmisten & Webb Law Firm, by William Woodward Webb and James Ryan Hawes, for Plaintiff-appellant.*

*Boxley, Bolton, Garber & Haywood, L.L.P., by Kenneth C. Haywood, for Defendant-appellee.*

ERVIN, Judge.

Plaintiff Rev O, Inc., appeals from an order granting summary judgment in favor of Defendant Marilyn Woo. On appeal, Plaintiff argues that the trial court erroneously granted summary judgment in favor of Defendant on the grounds that the record disclosed the existence of genuine issues of material fact concerning the extent to which Defendant allegedly violated Chapter 57C of the North Carolina General Statutes ("the LLC Act"), was unjustly enriched and engaged in unfair or deceptive trade practices, and acted inconsistently with North Carolina public policy. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

### A. Substantive Facts

On 1 February 2007, Plaintiff leased a tract of commercial property in Raleigh from Downtown Properties, LLC. At that time, Downtown Properties was a limited liability company that had a single member, the Paul W. Woo Revocable Trust. Although Defendant, who was the widow of Paul Woo, managed Downtown Properties, she did not own it and was not a member of the LLC. The lease between Plaintiff and Downtown Properties provided that Plaintiff was "solely responsible for obtaining any liquor license for the sale of alcoholic beverages at the Premises, and [that] this lease IS expressly conditioned on the issuance or revocation of such permit."

Between 1 February 2007, the effective date of the lease, and 1 May 2007, Plaintiff paid Downtown Properties the required $40,000 security deposit and $120,000 in rent. However, since Plaintiff was unable to obtain a permit authorizing the sale of alcoholic beverages, the parties terminated the lease on 4 May 2007. On 18 September

2007, Downtown Properties sold its real estate, including this property, to a third party. After selling the property, Downtown Properties had no assets. As a result, Downtown Properties filed Articles of Dissolution in 2009. Although Plaintiff filed suit against Downtown Properties on 12 August 2008 for the purpose of seeking reimbursement of the monies that it had paid under the lease and although Plaintiff obtained a default judgment against Downtown Properties on 2 October 2008, Plaintiff was unable to collect the amount of that judgment because Downtown Properties had no assets.

### B. Procedural History

On 24 April 2009, Plaintiff filed a complaint against Defendant alleging claims sounding in unjust enrichment and unfair or deceptive trade practices and seeking to pierce Downtown Properties' corporate veil for the purpose of obtaining an individual recovery from Defendant relating to actions that she had taken as the manager of Downtown Properties. Plaintiff's claim against Defendant rested upon the contention that Defendant had wrongfully assented to or participated in the sale and distribution of Downtown Properties' assets and that her participation in these events rendered her individually liable to Plaintiff.

On 24 June 2009, Defendant filed an answer denying the material allegations of Plaintiff's complaint and raising various affirmative defenses. In her answer, Defendant noted that the lease between Plaintiff and Downtown Properties, which Plaintiff attached to its complaint as an exhibit, stated that Defendant was the manager of Downtown Properties and asserted that, in "her capacity as manager[,] she d[id] not have liability for the obligations" of Downtown Properties. In addition, Defendant moved to dismiss Plaintiff's complaint for various reasons.

On 7 January 2011, Defendant filed a motion for summary judgment. In support of her summary judgment motion, Defendant filed an affidavit which stated, in pertinent part, that:

> 1. The Articles of Organization of Downtown Properties, LLC . . . were filed on April 26, 2000. . . . Beginning in 2005 the sole member of Downtown Properties was the Paul W. Woo Revocable Trust dated June 5, 2002.
>
> . . . .
>
> 3. . . . I became a Manager of Downtown Properties in 2005. I ceased owning any interest as a Member in Downtown

**REV O, INC. v. WOO**

[220 N.C. App. 76 (2012)]

Properties in 2005 which is 2 years before the lease transaction with Rev 0, Inc.

4. Downtown Properties, LLC, and Rev 0, Inc., entered into a document entitled "Lease" with an effective date of February 1, 2007. . . .

5. Subsequent to entering into the Lease between the parties, upon the request of Rev 0, Inc., the Lease Agreement was terminated by both parties effective May 4, 2007. . . .

6. Subsequent to entering into a lease termination, Downtown Properties sold the Cabarrus Street property and all remaining land holdings on September 19, 2007. . . .

7. Since the transfer in September of 2007, Downtown Properties has not acquired or conveyed any other assets of monetary value.

8. After the conveyance of the assets in 2007, Downtown Properties consisted of no other assets of monetary value and, therefore, in 2009, it filed Articles of Dissolution.

9. From 2007 forward, no assets of Downtown Properties have been distributed from Downtown Properties . . . to Marilyn E. Woo.

10. I have not been enriched or received anything of monetary value from Downtown Properties from 2007 to the date of this Affidavit.

11. As the manager of Downtown Properties, LLC, I could not completely control or dominate the company since it was solely owned by the Paul W. Woo Revocable Trust under Trust Agreement dated June 5, 2002. The Member could at any time remove me as Manager of the company.

12. As Manager of Downtown Properties, I implemented the policies and directions provided by the Member.

On 18 May 2011, the trial court granted Defendant's motion. Plaintiff noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Standard of Review

According to N.C. Gen. Stat. § 1A-1, Rule 56(c), summary judgment is properly granted "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." "A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim." *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (citations omitted). "The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (citing *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002)). "[O]nce the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664, *disc. review denied*, 353 N.C. 262, 546 S.E.2d 400 (2000), *cert. denied*, 353 N.C. 371, 547 S.E.2d 810, *cert. denied*, 534 U.S. 950, 122 S. Ct. 345, 151 L. Ed. 2d 261 (2001). " 'A genuine issue of material fact arises when 'the facts alleged . . . are of such nature as to affect the result of the action.' " *N.C. Farm Bureau Mut. Ins. Co. v. Sadler*, 365 N.C. 179, 182, 711 S.E.2d 114, 116 (2011) (quoting *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971)) (citation and quotation marks omitted); *see also City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E.2d 190, 193 (1980) (stating that "[a]n issue is material if, as alleged, facts would constitute a legal defense, or would affect the result of the action or if its resolution would prevent the party against whom it is resolved from prevailing in the action") (internal citation omitted).

### B. Elements of Plaintiff's Claims

#### 1. Unjust Enrichment

In its complaint, Plaintiff asserted a claim against Defendant for unjust enrichment. Unjust enrichment has been defined as "a legal term characterizing the 'result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor.' " *Carcano v. JBSS, LLC*, 200 N.C. App. 162, 179, 684 S.E.2d 41, 54 (2009) (quoting *Ivey v. Williams*, 74 N.C. App. 532, 534, 328

S.E.2d 837, 838-39 (1985)) (internal citation omitted). "A claim of this type is . . . described as a claim in quasi contract or a contract implied in law. . . . If there is a contract between the parties[,] the contract governs the claim and the law will not imply a contract." *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988) (citing *Concrete Co. v. Lumber Co.*, 256 N.C. 709, 713-14, 124 S.E. 2d 905, 908 (1962), and *Johnson v. Sanders*, 260 N.C. 291, 295, 132 S.E. 2d 582, 586 (1963) (other citations omitted).

## 2. Unfair or Deceptive Trade Practices

In addition, Plaintiff asserted a claim against Defendant for unfair and deceptive trade practices. "The elements of a claim for unfair or deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 . . . are: (1) an unfair or deceptive act or practice or an unfair method of competition; (2) in or affecting commerce; (3) that proximately causes actual injury to the plaintiff or to his business." *RD&J Props. v. Lauralea-Dilton Enters., LLC*, 165 N.C. App. 737, 748, 600 S.E.2d 492, 500 (2004) (citing *Furr v. Fonville Morisey Realty, Inc.*, 130 N.C. App. 541, 551, 503 S.E.2d 401, 408 (1998), *disc. review improvidently allowed*, 351 N.C. 41, 519 S.E.2d 314 (1999)). "Although it is a question of fact whether the defendant performed the alleged acts, it is a question of law whether those facts constitute an unfair or deceptive . . . practice." *RD&J Props*, 165 N.C. App. at 748, 600 S.E.2d at 500-01 (citing *First Atl. Mgmt., Corp. v. Dunlea Realty, Co.*, 131 N.C. App. 242, 252-53, 507 S.E.2d 56, 63 (1998)).

## 3. Piercing the Corporate Veil

Finally, Plaintiff sought to pierce Downtown Properties' corporate veil in order obtain the entry of a judgment against Defendant individually. "[The Supreme Court of North Carolina] has enumerated three elements which support an attack on separate corporate entity under the instrumentality rule:

> "(1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and

(3)  The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of."

*Glenn v. Wagner*, 313 N.C. 450, 454-55, 329 S.E.2d 326, 330 (1985) (quoting *Acceptance Corp. v. Spencer*, 268 N.C. 1, 9, 149 S.E.2d 570, 576 (1966)). "We have previously considered the following factors in determining the level of control a corporate or individual defendant exercises over a corporation:

1.  Inadequate capitalization[.]

2.  Non-compliance with corporate formalities.

3.  Complete domination and control of the corporation so that it has no independent identity.

4.  Excessive fragmentation of a single enterprise into separate corporations.

*East Mkt. St. Square, Inc. v. Tycorp Pizza IV, Inc.*, 175 N.C. App. 628, 636, 625 S.E.2d 191, 198 (citing *Glenn*, 313 N.C. at 455, 329 S.E.2d at 330-31 (internal citations omitted), *disc. review denied*, 361 N.C. 166, 639 S.E.2d 649 (2006). However, it "is not the presence or absence of any particular factor that is determinative. Rather, it is a combination of factors which . . . suggest that the corporate entity attacked had 'no separate mind, will or existence of its own' and was therefore the 'mere instrumentality or tool' of the dominant corporation." *Glenn*, 313 N.C. at 458, 329 S.E.2d at 332 (internal citation omitted).

### C.  Analysis of Plaintiff's Arguments

### 1.  Violation of LLC Act

**[1]** First, Plaintiff argues that the trial court erroneously granted summary judgment in favor of Defendant on the grounds that "several genuine issues of material fact must be resolved to determine whether [Defendant] violated the North Carolina Limited Liability Company Act in a way that would cause her to be personally liable under the Act." Although Plaintiff contends that Defendant violated the LLC Act and suggests that these violations support a finding of liability on unjust enrichment and unfair and deceptive trade practice grounds, we conclude that Plaintiff has not established that Defendant's alleged violations of the LLC Act occurred or that any violations of the LLC Act would support a damage recovery in favor of Plaintiff.

N.C. Gen. Stat. § 57C-4-06, which limits distributions to limited liability company members, provides that:

> (a) No distribution may be made if, after giving effect to the distribution:
>
> > (1) The limited liability company would not be able to pay its debts as they become due in the usual course of business; or
> >
> > (2) The limited liability company's total assets would be less than the sum of its total liabilities[.] . . .

In addition, N.C. Gen. Stat. § 57C-4-07 provides, in pertinent part, that "[a] manager or director who votes for or assents to a distribution in violation of [N.C. Gen. Stat. §] 57C-4-06 . . . is personally liable to the limited liability company for the amount of the distribution that exceeds what could have been distributed without violating N.C. Gen. Stat. § 57C-4-06."

Plaintiff contends that there is a genuine issue of material fact concerning the extent to which Defendant approved the sale of Downtown Properties' assets in violation of N.C. Gen. Stat. § 57C-4-06 and that, if Defendant "is personally liable to Downtown Properties, the LLC would be able to pay some if not all of the judgment obtained by [Plaintiff]." Put another way, Plaintiff's theory appears to be that, if Defendant approved a distribution to Downtown Properties' members in violation of N.C. Gen. Stat. § 57C-4-06, Defendant would be liable to Downtown Properties pursuant to N.C. Gen. Stat. § 57C-4-07 and Plaintiff would be entitled to benefit from Defendant's liability to Downtown Properties. We do not find Plaintiff's reasoning persuasive.

According to N.C. Gen. Stat. § 57C-4-06, a manager's decision to approve the distribution of a limited liability company's assets to the members is improper only if, following the distribution, the LLC "would not be able to pay its debts as they become due in the usual course of business" or if the LLC's "total assets would be less than the sum of its total liabilities." All of the evidence contained in the present record tends to show that:

> 1. Plaintiff terminated its lease with Downtown Properties in May 2007;
>
> 2. Downtown Properties sold its real estate in September 2007;

REV O, INC. v. WOO

[220 N.C. App. 76 (2012)]

3. Plaintiff filed suit against Downtown Properties almost a year later, in August 2008; and

4. Plaintiff did not obtain a default judgment against Downtown Properties until October 2008.

Plaintiff has not forecast any evidence tending to show that, at the time that the asset sale and related distribution occurred, Downtown Properties was unable to pay its debts or that Downtown Properties' liabilities exceeded the value of its assets. In addition, Plaintiff has not cited any authority establishing that the entry of a default judgment against Downtown Properties more than a year after the challenged sale and distribution somehow establishes the existence of a debt that had become due "in the usual course of business" as of the date of the transaction in question. On the contrary, Plaintiff has simply asserted that the obligation evidenced by the default judgment should be treated as having been incurred in the "regular course of Downtown Properties' business" because "the 'main purpose' of the LLC was leasing the Property." However, given that Plaintiff did not file suit for the purpose of asserting its reimbursement claim until almost a year after the lease had been terminated and all of Downtown Properties' assets had been sold and given the absence of any record evidence establishing that Plaintiff informed Defendant or Downtown Properties of the existence of its claim prior to the date of the challenged sale and distribution, we are unable to ascertain how the transaction at issue here was effectuated in violation of N.C. Gen. Stat. § 57C-4-06.

Secondly, Plaintiff has failed to articulate any basis on which, at the time of the distribution, Downtown Properties should have expected that Plaintiff might succeed in a claim for reimbursement for the deposit and rent payments that it made to Downtown Properties prior to the termination of the lease. The lease was "expressly conditioned on the issuance or revocation" of a license for the sale of alcoholic beverages. The lease does not, however, contain any language providing that, in the event that Plaintiff terminated the lease after failing to obtain authorization to sell alcoholic beverages, Plaintiff would be entitled to reimbursement of any monies paid while the lease was in effect. In addition, Plaintiff has not identified any statutory provision or common law principle giving it the right to seek reimbursement of the payments that it made to Downtown Properties prior to the termination of the lease. As a result, given the complete absence of any evidence tending to show that Plaintiff had

a right to obtain reimbursement of the monies paid to Downtown Properties under the lease at the time of the challenged sale and distribution, the record does not provide any basis for believing that the sale and distribution of Downtown Properties' assets violated N.C. Gen. Stat. § 57C-4-06.

Thirdly, even if the distribution of Downtown Properties' assets violated N.C. Gen. Stat. § 57C-4-06, any liability to which Defendant would be subject pursuant to N.C. Gen. Stat. § 57C-4-07 would lie in favor of Downtown Properties and not in favor of Plaintiff. In spite of its claim to be entitled to benefit from Defendant's alleged violation of N.C. Gen. Stat. § 57C-4-06, Plaintiff has not argued that it has the right to force Downtown Properties to sue Defendant, that Downtown Properties would be legally required to seek recovery from Defendant pursuant to N.C. Gen. Stat. § 57C-4-07, or that Plaintiff has the ability to enforce any rights that Downtown Properties might have against Defendant. Simply put, Plaintiff has failed to cite any authority or advance any argument in support of the proposition that Plaintiff would be entitled to benefit from the fact that Downtown Properties might have a claim against Defendant, and we know of none. Thus, even if Defendant did, in fact, violate N.C. Gen. Stat. § 57C-4-06 at the time that the distribution of Downtown Properties' assets occurred, there is no basis for believing that such a showing would in any way inure to Plaintiff's benefit.

Finally, Plaintiff has failed to explain how any liability that Defendant might have to Downtown Properties based upon the provisions of N.C. Gen. Stat. §§ 57C-4-06 and 57C-4-07 would have any bearing on the viability of the specific claims that Plaintiff seeks to assert against Defendant. Plaintiff has not identified any nexus between the possibility that Defendant might be liable to Downtown Properties pursuant to N.C. Gen. Stat. §§ 57C-4-06 and 57C-4-07 and the elements of the unjust enrichment and unfair and deceptive trade practice claims that Plaintiff seeks to assert against Defendant. "It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." *Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 606, 615 S.E.2d 350, 358, *disc. rev. denied*, 360 N.C. 63, 623 S.E.2d 582 (2005). As a result, we conclude that Plaintiff has failed to show that (1) the distribution of Downtown Properties' assets constituted a violation of N.C. Gen. Stat. § 57C-4-06; (2) that any legal rights stemming from any such violation would have accrued to Plaintiff rather than Downtown Properties; or (3) that any violation of the LLC Act which might have occurred provided any

support for Plaintiff's unjust enrichment and unfair and deceptive trade practice claims. As a result, despite Plaintiff's argument in reliance on the LLC Act, the trial court did not err by granting summary judgment in favor of Defendant.[1]

## 2. Unjust Enrichment

[2] Secondly, Plaintiff asserts that a "genuine issue of material fact remains as to whether [Defendant] was unjustly enriched to the detriment of [Plaintiff] by her acts as manager of Downtown Properties." Although Plaintiff concedes that Defendant forecast evidence tending to show that the assets of Downtown Properties were sold in September, 2007; that "no assets of Downtown Properties" had been distributed to Defendant after 2007; and that Defendant "ha[d] not been enriched or received anything of monetary value from Downtown Properties from 2007 to the date of this affidavit," Plaintiff argues that Defendant may have received something of value from the Paul W. Woo Revocable Trust and that, if so, "she may have been unjustly enriched." Plaintiff has failed, however, to articulate any connection between the possibility that Defendant might have received something from the Paul W. Woo Revocable Trust after 2007 and the elements of a claim for unjust enrichment. In addition, Plaintiff has not provided any evidentiary support for its claim that such a distribution may have occurred. As a result, we conclude that Plaintiff is not entitled to relief from the trial court's order based upon this argument.

## 3. Unfair or Deceptive Trade Practices

[3] Thirdly, Plaintiff argues that, in the event that Defendant received anything of value from the Paul W. Woo Revocable Trust, her conduct as manager of Downtown Properties "may constitute unfair or deceptive trade practices." Once again, Plaintiff has failed to identify any record support for this assertion, to cite any authority in support of its position to this effect, or to otherwise explain how Plaintiff had a viable claim against Defendant pursuant to N.C. Gen. Stat. § 75-1.1. As a result, Plaintiff is not entitled to obtain reversal of the trial court's order based on this logic.

---

1. Plaintiff argues that, in addition to the other alleged violations of the LLC Act discussed in the text, Defendant failed to honor her obligation to act in "good faith" as set out in N.C. Gen. Stat. § 57C-3-22. However, given that the alleged basis for Defendant's lack of "good faith" claim is her participation in the challenged distribution of Downtown Properties' assets and given that the same logic that has persuaded us to reject Plaintiff's arguments in reliance upon N.C. Gen. Stat. §§ 57C-4-06 and 57C-4-07 support rejection of Plaintiff's argument in reliance upon N.C. Gen. Stat. § 57C-3-22 as well, we do not find Plaintiff's "good faith" claim persuasive.

**REV O, INC. v. WOO**

[220 N.C. App. 76 (2012)]

### 4. Violation of Public Policy

**[4]** Finally, Plaintiff argues that, if Defendant approved the sale of Downtown Properties' assets, her actions were "against public policy." Once again, we conclude that Plaintiff's argument lacks merit.

According to Plaintiff, Defendant "assent[ed] to a distribution that create[d] a windfall for the member of the LLC at the expense of the creditors of the LLC." As we have already demonstrated, however, Plaintiff has not shown that it was, in fact, a "creditor" of Downtown Properties at the time of the challenged distribution or that Defendant or Downtown Properties should have foreseen at that time that Downtown Properties might be liable to Plaintiff. In addition, although Plaintiff claims that Downtown Properties had "refused to reimburse the good faith money that [Plaintiff] had paid," Plaintiff has not demonstrated that Downtown Properties had any obligation to make such a payment at the time of the disputed sale and distribution. Under that set of circumstances, we are unable to see what "public policy" was violated when the challenged distribution occurred, and Plaintiff has not cited any authority or advanced any argument explaining why the alleged public policy implications of Defendant's actions as manager of Downtown Properties would support reversal of the trial court's order. As a result, we conclude that Plaintiff's "public policy" argument lacks merit as well.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that Plaintiff has failed to demonstrate that the trial court erred by granting summary judgment in favor of Defendant. As a result, the trial court's order should be, and hereby, is affirmed.

AFFIRMED.

Judges BRYANT and ELMORE concur.