KERRY WATTS v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT
· AND NATURAL RESOURCES

No. 191A07

(Filed 10 October 2008)

**Immunity; Public Officers and Employees— public duty doctrine—waiver**

The Industrial Commission did not err in failing to apply the public duty doctrine where the Commission found that defendant state agency admitted it was negligent in issuing an improvement permit to plaintiff; defendant assigned no error to this finding and thereby rendered it conclusive on appeal; this admission of negligence by defendant necessarily encompasses a concession that defendant either owed plaintiff a "special duty" or that a "special relationship" existed between plaintiff and defendant; and defendant has thus effectively waived its argument that it owes no duty to plaintiff under the public duty doctrine.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 182 N.C. App. 178, 641 S.E.2d 811 (2007), affirming in part and reversing in part and remanding a decision and order entered by the North Carolina Industrial Commission on 3 October 2005. Heard in the Supreme Court 17 March 2008. Following oral argument, the Court on 27 March 2008 allowed plaintiff's petition for discretionary review of two additional issues. Determined on the supplemental briefs without further oral argument pursuant to N.C. R. App. P. 30(f)(1).

*James, McElroy & Diehl, P.A., by John R. Buric and Preston O. Odom, III, for plaintiff-appellee/appellant.*

*Roy Cooper, Attorney General, by Dahr Joseph Tanoury, Assistant Attorney General, for defendant-appellant/appellee.*

PER CURIAM.

When the North Carolina Industrial Commission found as fact that the defendant Department of Environment and Natural Resources "admitted" it was "negligent in issuing Permit No. 99291" and when defendant failed to assign error to this finding, such finding of negligence is binding on appeal and precludes defendant's assertion of the public duty doctrine as a defense in the instant case. We therefore affirm the opinion of the Court of Appeals to the extent

it holds that the Industrial Commission did not err in failing to apply the public duty doctrine.

The public duty doctrine is a rule grounded in common law negligence and provides that "when a governmental entity owes a duty to the general public, particularly a statutory duty, individual plaintiffs may not enforce the duty in tort." *Myers v. McGrady*, 360 N.C. 460, 465-66, 628 S.E.2d 761, 766 (2006). The doctrine operates to "limit tort liability, even when the State has waived sovereign immunity." *Id.* at 465, 628 S.E.2d at 766. Thus, when a plaintiff alleges negligence arising from the State's "failure to carry out a recognized public duty, and the State does not owe a corresponding special duty of care to the plaintiff individually, then the plaintiff has failed to state a claim in negligence." *Id.* at 463, 628 S.E.2d at 764. When, however, a plaintiff establishes that the State owes the plaintiff a "special duty" or that a "special relationship" exists between the plaintiff and the State, the plaintiff's claims are not barred by the public duty doctrine. *Id.* at 468, 628 S.E.2d at 767. Thus, unless one of these two exceptions to the public duty doctrine applies, an individual plaintiff fails to state a claim in negligence against the State.

Here, the Industrial Commission found that defendant admitted it was "negligent" in issuing the permit to plaintiff. Defendant assigned no error to this finding, thereby rendering it conclusive on appeal. *See* N.C. R. App. P. 10(a). This admission of negligence by defendant necessarily encompasses a concession that defendant either owed plaintiff a "special duty" or that a "special relationship" existed between plaintiff and defendant, for otherwise no action in negligence could lie. *See Myers*, 360 N.C. at 463, 628 S.E.2d at 764. As defendant's admitted negligence in issuing the permit to plaintiff is conclusively established on appeal, defendant has effectively waived its argument that it owes no duty to plaintiff under the public duty doctrine. Because defendant has waived its right to argue the merits of whether the public duty doctrine would shield defendant from liability under the facts of the present case, we do not reach this issue, and we therefore express no opinion on the analysis of the public duty doctrine by the Court of Appeals. We therefore affirm the Court of Appeals to the extent it determined that the Industrial Commission did not err in failing to apply the public duty doctrine. The remaining issues addressed by the Court of Appeals are not properly before this Court and its decision as to these matters remains undisturbed.

MODIFIED AND AFFIRMED.