*********** ISSUES
1. Should Plaintiff's civil action under the State Tort Claims Act be dismissed pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure based upon application of the affirmative defense of the Public Duty Doctrine? *Page 2 
2. Whether the sanctions assessed against Defendant are in keeping with the purpose and spirit of discovery rules.
 ***********
Based upon the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. The Plaintiffs in theses actions are the personal representatives of the Estates of Mickela S. Nicholson, Marianne C. Dauscher, and Michael Layaou.
2. The Plaintiffs' pleadings allege the following transactions:
 a. At approximately 12:30 a.m., Saturday, August 31, 2002, decedent Mickela S. Nicholson was operating a vehicle on RP 1010 in Johnston County, North Carolina. Decedents Michael A. Layaou and Marianne C. Dauscher were passengers in the decedent Nicholson's vehicle. At the aforementioned time and location, decedent Nicholson was operating her vehicle within the posted speed limit and keeping a proper lookout. As decedent Nicholson traveled along RP 1010, a vehicle driven by Carlos Ortega Valdivia was traveling toward the decedents' vehicle on RP 1010 in the opposite lane of travel and approaching an area of the roadway where it narrowed and transitioned from two lanes with a center turn lane to a two-lane road. As the Valdivia vehicle approached the Nicholson vehicle, the decedents' vehicle lawfully came into contact with a defectively eroded section of the highway pavement near the shoulder portion of RP 1010, causing it to leave the roadway and travel onto the shoulder. The shoulder *Page 3 
portion of RP 1010 was defectively eroded with a significant drop-off existing between the pavement and the shoulder area. Decedent Nicholson attempted to return to the roadway but because of the defective roadway conditions and drop-off, she was caused to over steer, lose control of her vehicle, and cross the center line where her vehicle struck the Valdivia Vehicle. All three decedents and a fourth passenger, Steven Carr, were killed instantly.
 b. Plaintiffs further contend that this defective roadway condition was the proximate cause of the collision and the decedents' deaths; that the defective conditions and drop-off had existed for a substantial period of time prior to the collision such that Defendant's maintenance personnel knew of its existence and danger and failed to make appropriate repairs; that Defendant knew or in the exercise of reasonable care should have known of the dangerously defective section of roadway on RP 1010 such that necessary repairs should and could have been made by each of them prior to the collision resulting in the decedents' deaths; that Defendant had a special duty of care to motorists and their passengers utilizing RP 1010 at the time of the matters alleged in their Affidavit by virtue of, among other things, specific findings of Deputy Commissioner Wanda Taylor which constitute the law of this case; that by reason of the negligent conduct of the Defendant the Plaintiffs are entitled to have and recover of the Defendant damages in an amount in excess of $10,000.00. *Page 4 
3. Defendant denied all allegations of negligence, and further pleaded the "Public Duty Doctrine." Deputy Commissioner Gheen's denial of Defendant's Public Duty Doctrine Motion prompted this appeal.
4. During the course of the proceedings relating to this matter, two Rule 37 orders by (then) Deputy Commissioner Wanda Taylor were entered against Defendant based on Plaintiffs' accusations that Defendant failed to provide discovery responses pursuant to Rules 26 and 34 of the North Carolina Rules of Civil Procedure.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW a. Public Duty Doctrine
1. In Braswell v. Braswell,330 N.C. 363, 410 S.E.2d 897 (1991), the North Carolina Supreme Court recognized the Public Duty Doctrine as a common law exception to the Tort Claims Act. In doing so, the Court concluded that government entities act for the benefit of the public, and therefore, cannot be held liable to an individual for failing to provide protection to that individual.Id. at 370, 410 S.E.2d at 901. In the same case, the Court acknowledged the existence of two exceptions to the Public Duty Doctrine, the "special relationship" exception and the "special duty" exception. Id. at 371, 410 S.E.2d at 902. The "special relationship" exception exists where there is a particular, express relationship between the injured party and the State entity.Hunt v. N.C. Dep't of Labor,348 N.C. 192, 197, 499 S.E.2d 747, 750 (1998). The "special duty" exception exists only when the claimant shows that an actual promise was made by a State agent to create a special duty, that the promise was reasonably relied upon by the *Page 5 
claimant, and that the claimant's injury was causally related to the claimant's reliance. Braswell,330 N.C. at 371, 410 S.E.2d at 902.
2. Since the North Carolina Supreme Court decidedBraswell, four cases involving application of the Public Duty Doctrine have come before the Supreme Court. These cases,Stone v. N.C. Dep't of Labor,347 N.C. 473, 495 S.E.2d 711 (1998), Hunt v. Dep't of Labor,348 N.C. 192, 499 S.E.2d 747 (1998), Myers v. McGrady,360 N.C. 460, 628 S.E. 2d 761 (2006), and Multiple Claimants v.N.C. HHS, Div. of Facility Detention Servs.,361 N.C. 372, 646 S.E.2d 356 (2007), define when the Public Duty Doctrine applies, and whether an exception to the doctrine may be employed.
3. In order to determine whether the Public Duty Doctrine applies, it must be determined whether the statute that prescribes the State's obligations creates a duty that may be undertaken by a private individual. If the answer is in the negative, the Public Duty Doctrine must apply. In C.C.T. Equipment Co. v. HertzCorp., 256 N.C. 277, 123 S.E.2d 802 (1962), the Supreme Court determined that the Department of Transportation (hereinafter "DOT") has the sole authority, duty and responsibility to plan, design, locate, construct and maintain the system of public highways in this State. These duties were created by the North Carolina General Assembly when they enacted N.C. Gen. Stat. § 143B-346. In light of Plaintiffs' allegations that the DOT failed to properly inspect and maintain a public, State owned highway, and in light of the Supreme Court's opinions in Stone, Hunt, Myers andMultiple Claimants, by definition, the Public Duty Doctrine must apply.
4. In order to determine whether the "special relationship" exception may be applied to defeat the Public Duty Doctrine, it must be determined whether the statute that prescribes the State's obligations specifically creates a private right of action, or alternatively, whether the *Page 6 
statute designates a particular class of individuals whose welfare the statute was designed to protect. Hunt,348 N.C. at 197, 499 S.E.2d at 750. Furthermore, it must be determined whether the statute describes a relationship between the claimant and the State which is sufficiently intimate to warrant the designation of "special." Braswell,330 N.C. at 371, 410 S.E.2d at 902. Here, none of the statutes that reference the DOT's role to inspect and maintain the State's highways create an explicit private right of action or describe a particular class of individuals whose welfare was intended to be protected by the statutes. On the contrary, the statutes delineate the DOT's responsibilities to the general public, and the Court of Appeals has declared that the duty owed by the DOT to maintain highways is owed to the public. Reid v. Roberts,112 N.C. App. 222, 227, 435 S.E.2d 116, 121, cert. denied,335 N.C. 559, 439 S.E.2d 151 (1993). In light of the foregoing, the "special relationship" exception may not be employed to defeat the Public Duty Doctrine in the instant cases.
5. In order to determine whether the "special duty" exception may be applied to defeat the Public Duty Doctrine, the claimant must show that an actual promise was made by a State agent to create a special duty, that the claimant reasonably relied upon the promise, and that the claimant's injury was causally related to the claimant's reliance. Braswell,330 N.C. at 371, 410 S.E.2d at 902. In the instant cases, Plaintiffs have offered no allegations that any affirmative, specific promise was made by an agent of the DOT to any of the decedents, and no evidence has been offered to establish that such a promise was ever made to any of the decedents. As such, the "special duty" exception to the Public Duty Doctrine is inapplicable.
 b. Discovery Sanctions
1. Two Rule 37 orders were filed in these matters by then Deputy Commissioner Wanda Taylor on March 3, 2007 and June 9, 2008, respectively. In Willis v. DukePower, *Page 7 291 N.C. 19, 35, 229 S.E.2d 191, 201 (1976), the North Carolina Supreme Court indicated that a party need only comply with Rules 26 and 34 to avoid the imposition of sanctions under Rule 37. Here, despite the voluminous nature of Plaintiffs' discovery requests, Defendant complied by producing or making available for Plaintiffs' inspection each document demanded by Plaintiffs which was in Defendant's possession. In doing so, Defendant acted in accordance with the terms of Rule 34: "to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents" and to offer "a reasonable time, place and manner of making the inspection and performing the related acts." As Defendant has complied with both the Rules of Civil Procedure, and with the mandates of the State's appellate courts, Defendant should not be subject to sanctions pursuant to Rule 37.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 O R D E R
1. Plaintiffs' claims are barred by the Public Duty Doctrine. Therefore, Defendant's Motion to Dismiss is granted, and Plaintiffs' claim is hereby dismissed, with prejudice.
2. The Rule 37 orders of Deputy Commissioner Taylor are hereby vacated.
3. Each side shall pay its own costs.
This the 17th day of June, 2010.
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 8 
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING WITH A SEPARATE OPINION:
 S/_______________ DANNY LEE McDONALD COMMISSIONER *Page 9