NO. COA14-94

NORTH CAROLINA COURT OF APPEALS

Filed:  16 September 2014

KAYLA J. INMAN

    v.                                  Columbus County
                                         No. 12 CVS 561
CITY OF WHITEVILLE, a
municipality incorporated
under the laws of the State
of North Carolina


Appeal by plaintiff from order entered 2 August 2013 by Judge D. Jack Hooks, Jr. in Columbus County Superior Court. Heard in the Court of Appeals 5 June 2014.

> *Lee & Lee, Attorneys, by Junius B. Lee, III, for plaintiff-appellant.*
>
> *Crossley McIntosh Collier Hanley & Edes, PLLC, by Clay Allen Collier, and Williamson Walton & Scott, LLP, by Carlton F. Williamson, for defendant-appellee.*


DAVIS, Judge.


Kayla J. Inman ("Plaintiff") appeals from the trial court's order dismissing her complaint against the City of Whiteville ("the City") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.  On appeal, she contends that the trial court erred in dismissing her complaint based on the

public duty doctrine. After careful review, we affirm the trial court's order.

**Factual Background**

We have summarized the pertinent facts below using the statements contained in Plaintiff's complaint, which we treat as true when reviewing an order dismissing a complaint pursuant to Rule 12(b)(6). *See Stein v. Asheville City Bd. of Educ.*, 360 N.C. 321, 325, 626 S.E.2d 263, 266 (2006) ("When reviewing a complaint dismissed under Rule 12(b)(6), we treat a plaintiff's factual allegations as true.").

On 12 September 2011, Plaintiff was involved in a motor vehicle accident near the intersection of South Madison Street and East Hayes Street in Whiteville, North Carolina. Plaintiff was "run off the road" by another motorist, and Plaintiff and her passenger suffered significant injuries arising from the accident. Officer Donnie Hedwin ("Officer Hedwin") of the Whiteville Police Department was called to the scene to investigate the accident. Officer Hedwin spoke with the other motorist but did not ascertain his identity or include his name in the accident report. When questioned about this omission, Officer Hedwin and his supervisor, Sergeant Mark McGee, both stated that the accident had not been investigated further

because there had been no physical contact between the two vehicles.

On 30 April 2012, Plaintiff filed a complaint against the City in Columbus County Superior Court alleging that Officer Hedwin and Sergeant McGee, who were agents of the City acting in the course and scope of their employment, were negligent in their investigation of the accident, primarily because they failed to ascertain the identity of the other motorist. Plaintiff asserted that "[b]ased upon the failure of the officers to properly and completely investigate, the identity of the party responsible for this accident has not been determined" and that "[b]ut for the negligent acts of [the City], by and through its employees, the plaintiff could have and would have maintained an action against the unknown driver of the second vehicle for her damages."

On 7 August 2012, the City filed an answer and motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The City's motion to dismiss came on for hearing on 15 July 2013, and the trial court entered an order dismissing Plaintiff's complaint on 2 August 2013. Plaintiff filed a timely notice of appeal to this Court.

**Analysis**

> When a party files a motion to dismiss pursuant to Rule 12(b)(6), the question for the court is whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. A complaint may be dismissed pursuant to Rule 12(b)(6) where (1) the complaint on its face reveals that no law supports a plaintiff's claim, (2) the complaint on its face reveals the absence of facts sufficient to make a good claim, or (3) the complaint discloses some fact that necessarily defeats a plaintiff's claim. An appellate court reviews *de novo* a trial court's dismissal of an action under Rule 12(b)(6).

*Horne v. Cumberland Cty. Hosp. Sys., Inc.*, ___ N.C. App. ___, ___, 746 S.E.2d 13, 16 (2013) (internal citations and quotation marks omitted).

In order to successfully assert a claim for negligence, a plaintiff must allege that the defendant owed a legal duty to her. *See Derwort v. Polk Cty.*, 129 N.C. App. 789, 791, 501 S.E.2d 379, 381 (1998) ("It is fundamental that actionable negligence is predicated on the existence of a legal duty owed by the defendant to the plaintiff." (citation and quotation marks omitted)). "[I]n the absence of any such duty owed [to] the injured party by the defendant, there can be no liability [and] when the public duty doctrine applies, the government entity, as the defendant, owes no legal duty to the plaintiff."

*Scott v. City of Charlotte*, 203 N.C. App. 460, 464, 691 S.E.2d 747, 750-51 (citations, quotation marks, brackets, and emphasis omitted), *disc. review denied*, 364 N.C. 435, 702 S.E.2d 305 (2010).

The public duty doctrine, adopted by our Supreme Court in *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), provides that "when a governmental entity owes a duty to the general public . . . individual plaintiffs may not enforce the duty in tort." *Strickland v. Univ. of N.C. at Wilmington*, 213 N.C. App. 506, 508, 712 S.E.2d 888, 890 (2011) (citation and quotation marks omitted), *disc. review denied*, ___ N.C. ___, 720 S.E.2d 677 (2012). Application of this doctrine has traditionally arisen in cases in which a plaintiff asserts a negligence claim alleging that a law enforcement officer breached his duty to protect a victim from a third party's criminal act and that this failure caused the victim's injury or death. *Id.* at 508-09, 712 S.E.2d at 890.

In such scenarios, the municipality is generally insulated from liability because in providing police protection, "[the] municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals." *Braswell*, 330 N.C.

at 370, 410 S.E.2d at 901. Accordingly, "while the law enforcement agency owes a 'duty to protect' the public at large, individual members of the public as plaintiffs generally may not enforce that duty in tort." *Strickland*, 213 N.C. App. at 509, 712 S.E.2d at 890.

The Supreme Court has, however, recognized two specific exceptions to the public duty doctrine:

> (1) where there is a special relationship between the injured party and the police, for example a state's witness or informant who has aided law enforcement officers; and
>
> (2) when a municipality, through its police officers, creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered.

*Braswell*, 330 N.C. at 371, 410 S.E.2d at 902 (citation and quotation marks omitted).

Our Supreme Court has made clear that with regard to local governments, the public duty doctrine only extends to actions taken in the exercise of their general duty to protect the public. *Lovelace v. City of Shelby*, 351 N.C. 458, 461, 526 S.E.2d 652, 654 (2000) ("While this Court has extended the public duty doctrine to state agencies required by statute to

conduct inspections for the public's general protection, we have never expanded the public duty doctrine to any local government agencies other than law enforcement departments when they are exercising their general duty to protect the public." (internal citations omitted)); *see also Wood v. Guilford Cty.*, 355 N.C. 161, 169, 558 S.E.2d 490, 496 (2002) (explaining that public duty doctrine "retains limited vitality, as applied to local government, within the context of government's duty to protect the public generally, which is necessarily limited by the resources of the local community" (internal citations, quotation marks, and brackets omitted)). The public duty doctrine "acknowledges the limited resources of law enforcement and works against judicial imposition of an overwhelming burden of liability." *Little v. Atkinson*, 136 N.C. App. 430, 432, 524 S.E.2d 378, 380, *disc. review denied*, 351 N.C. 474, 543 S.E.2d 492 (2000).

This Court has applied the public duty doctrine to limit the liability of municipalities and their law enforcement agencies in circumstances beyond the "classic example of . . . a negligence claim alleging a law enforcement agency's failure to protect a person from a third party's criminal act." *Strickland*, 213 N.C. App. at 508, 712 S.E.2d at 890. Indeed, we

have applied the doctrine where — as here — the allegations of negligence stem from a law enforcement officer's handling of a motor vehicle accident. For example, in *Lassiter v. Cohn*, 168 N.C. App. 310, 607 S.E.2d 688, *disc. review denied*, 359 N.C. 633, 613 S.E.2d 686 (2005), we concluded that the public duty doctrine shielded the City of Durham and one of its police officers from liability in an action arising out of the officer's allegedly negligent management and control of a multi-vehicle accident scene. We reasoned that imposing liability upon the city and its officer, who was "fulfilling her general duties owed when responding to the many and synergistic elements of a traffic accident. . . . is exactly that which the public duty doctrine seeks to alleviate." *Id.* at 318, 607 S.E.2d at 693.

In *Scott*, we held that the public duty doctrine barred the plaintiff's negligence claim against the City of Charlotte where officers of the Charlotte-Mecklenburg Police Department had pulled over an individual, David Scott ("Mr. Scott"), on suspicion of impaired driving, determined that he was "physically impaired in some respect," been informed that Mr. Scott had suffered a stroke during the past year, and failed to call for medical assistance. *Scott*, 203 N.C. App. at 464, 691

S.E.2d at 750.  Mr. Scott later collapsed in the parking lot as he was waiting for the plaintiff, his wife, to pick him up and died the following day.  *Id.* at 462-63, 691 S.E.2d at 749-50.

The plaintiff filed a complaint against the City of Charlotte alleging that the officers were negligent in failing to summon medical assistance for Mr. Scott.  *Id.* at 463, 691 S.E.2d at 750.  We concluded that the City of Charlotte was entitled to summary judgment in its favor based on the public duty doctrine because the officers "were engaged in their general law enforcement duty to protect the public from an erratic driver who they believed could be intoxicated" when they made the discretionary decision not to call for medical assistance, thereby indirectly harming Mr. Scott.  *Id.* at 468, 691 S.E.2d at 752.

In both *Lassiter* and *Scott*, this Court recognized that the plaintiffs' claims arose from circumstances in which the local governments at issue, through their law enforcement officers, were engaged in their general duty of protecting the public and that, consequently, they were shielded from liability by the public duty doctrine.  *See id.* at 467, 691 S.E.2d at 752 ("*Braswell* and its progeny have not wavered from the general principle that when a police officer, acting to protect the

general public, indirectly causes harm to an individual, the municipality that employs him or her is protected from liability.").

Here, Plaintiff's negligence claim is premised on the manner in which a motor vehicle accident was investigated by law enforcement officers. Specifically, Plaintiff has alleged that Officer Hedwin and his supervisor "failed in their obligation and duty to perform competent law enforcement services in that they failed to determine both the responsible party [for] this [accident] and the facts indicating his responsibility." The duty to investigate motor vehicle accidents and to prepare accident reports is a general law enforcement duty owed to the public as a whole. *See Lassiter*, 168 N.C. App. at 320, 607 S.E.2d at 694 (describing officer's interview with parties involved in car accident as "general investigatory dut[y]"); *see also* N.C. Gen. Stat. § 20-166.1 (2013) (requiring police department of city or town to investigate "a reportable accident" and "make a written report of the accident within 24 hours of the accident"). As such, the circumstances at issue in this case fall within the scope of the public duty doctrine.

In attempting to avoid the application of the public duty doctrine, Plaintiff relies heavily on our decision in

*Strickland.* However, *Strickland* is clearly distinguishable from the present case.

In *Strickland*, the plaintiff's son ("the decedent") was mistakenly shot and killed by a member of the New Hanover County Emergency Response Team (the "ERT") during an attempt to serve a warrant for the decedent's arrest. The University of North Carolina at Wilmington Police Department ("UNC-W Police Department") was investigating the decedent for an assault and theft on the university's campus and had requested the ERT's assistance in serving the arrest warrant on him. *Strickland*, 213 N.C. App. at 506-07, 712 S.E.2d at 889. The shooting occurred when an ERT member mistook for a gunshot the sound of a battering ram striking the door of the decedent's residence and fired his weapon into the residence. *Id.* The plaintiff filed a wrongful death suit against the University of North Carolina at Wilmington ("UNC-W") and the UNC-W Police Department, alleging that officers of the UNC-W Police Department "negligently provided false, misleading, and irrelevant information to . . . ERT members" in order to secure their assistance in executing the warrant. *Id.* at 507, 712 S.E.2d at 889. The plaintiff further alleged that this false information, which included statements that the decedent was involved in gang activity and

known to be armed and dangerous, "proximately caused [the decedent's] death by leading ERT members to believe that they were entering into . . . a severely dangerous environment including heavily armed suspects with histories of intentional physical violence causing injuries to persons." *Id.*

In concluding that the public duty doctrine did not insulate UNC-W and its police department from liability, we explained that the duty of a law enforcement officer "not to negligently provide false and misleading information . . . during a criminal investigation" did not "resemble the types of duties to the general public for which the public duty doctrine normally precludes liability." *Id.* at 511-12, 712 S.E.2d at 892. In particular, we emphasized that

> [i]n all cases where the public duty doctrine has been held applicable, the breach of the alleged duty has involved the governmental entity's negligent control of an external injurious force or of the effects of such a force. *See, e.g., Myers*, 360 N.C. 460, 628 S.E.2d 761 (negligent control of a forest fire not started by fire fighting agency); *Wood v. Guilford Cty.*, 355 N.C. 161, 558 S.E.2d 490 (2002) (failure to prevent third party's criminal act on county property); *Stone*, 347 N.C. 473, 495 S.E.2d 711 (failure to ensure plant worker's ability to escape plant fire not started by inspection agency); *Hunt*, 348 N.C. 192, 499 S.E.2d 747 (negligent inspection of amusement ride prior to ride's malfunction, which was not caused by the inspection);

> *Braswell*, 330 N.C. 363, 410 S.E.2d 897
> (failure to prevent a third party's criminal
> act). In this case, however, the alleged
> breach is not a negligent action with
> respect to some external injurious force.
> Rather, the UNC-W police department's act of
> negligently providing misleading and
> inaccurate information *was itself the
> injurious force.*

*Id.* at 512, 712 S.E.2d at 892 (emphasis added and footnote omitted).

Here, unlike in *Strickland* in which "UNC-W police officers' negligent provision of inaccurate information *brought about* the ERT member's decision to fire his weapon through [the decedent's] front door," *id.* at 514, 712 S.E.2d at 893, Officer Hedwin's alleged negligence in failing to ascertain the other motorist's identity did not bring about the physical injuries, medical bills, lost wages, and pain and suffering alleged in Plaintiff's complaint. Instead, Plaintiff is alleging that Officer Hedwin negligently failed to properly investigate an accident caused by "an external injurious force" — namely, the third-party motorist who ran her vehicle off the road. Accordingly, as in *Lassiter*, the public duty doctrine shields the City from liability arising from Officer Hedwin's investigation of the accident. *See Lassiter*, 168 N.C. App. at 321, 607 S.E.2d at 695 (concluding that officer's management of

accident scene "fell completely within Durham's immunization of performing a public duty").

Finally, because Plaintiff has not alleged the applicability of either the special relationship exception or the special duty exception to the public duty doctrine, we decline to address the potential applicability of these exceptions. *See Myers v. McGrady*, 360 N.C. 460, 468-69, 628 S.E.2d 761, 767 (2006) (declining to address exceptions to public duty doctrine where plaintiffs did not raise them); *Rev O, Inc. v. Woo*, ___ N.C. App. ___, ___, 725 S.E.2d 45, 52 (2012) ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." (citation and quotation marks omitted)). As such, Plaintiff's negligence claim against the City is barred by the public duty doctrine, and the trial court therefore properly granted the City's motion to dismiss.

### Conclusion

For the reasons stated above, the trial court's 2 August 2013 order is affirmed.

AFFIRMED.

Judges HUNTER, JR. and ERVIN concur.

Judge HUNTER, JR. concurred in this opinion prior to 6 September 2014.